## J. H. SCHNACK *v.* JOHN H. HARE.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED MARCH 30, 1899.        DECIDED APRIL 6, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

Our statute of usury does not prevent the recovery of the principal where principal and usurious interest are separable even though they are lumped together in the note sued on.

Payments made on account of such note should be applied to the principal.

### OPINION OF THE COURT BY FREAR, J.

Defendant gave plaintiff a note for $130 payable six months after its date, July 18, 1895, and afterwards made various payments thereon amounting to $80. Plaintiff brought this action for the balance $50 and interest from January 18, 1896. At the trial it appeared that the note was given for a loan of $100 and interest $30, that is, at the rate of 5% per month. Plaintiff then waived all interest but the Magistrate gave judgment against him, on the ground that the stipulation for a rate of interest higher than that allowed by law vitiated the entire contract and did not affect merely the matter of interest, and plaintiff now brings the case here on appeal on points of law.

Our statutes, so far as they bear on this case, provided that "It shall in no case be deemed unlawful to stipulate by written

contract, for any rate of interest, not exceeding two and one-half (since reduced to one) per cent. per month, provided the contract to that effect be signed by the party to be charged therewith," (Civ. L. Sec. 2141), and that, "No action shall be maintained in any court of this republic to recover a higher rate of interest than two and one-half (now one) per cent. per month upon any contract made in this republic; provided, however, that this section shall not be held to apply to contracts for money lent on bottomry bonds, or upon other maritime risks." Ib. Sec. 2142.

Our statutes clearly relate to the recovery of interest only. They do not avoid the entire contract because a usurious rate of interest is charged. The tendency now is to treat usurious contracts, not as essentially iniquitous and void, but as illegal only to the extent of the statutory prohibition. It is true that principal and interest are combined in one sum in the note in question, but they are separable. In fact, the very evidence which showed that the rate of interest was usurious showed also the exact amount included as interest. See *Parker v. Lowery*, 4 S. E. (Ga.) 678; *Richards v. Marshman*, 2 Gr. (Ia.) 217.

Whether only the excess above the rate authorized to be contracted for is void, and the full rate permitted to be contracted for (then $2\frac{1}{2}\%$ per month) could be recovered or whether only the rate (then $9\%$) allowed when there is no express contract in writing could be recovered, it is unnecessary to say, because the plaintiff has waived all interest.

The payments made by the defendant should be applied to the legal part of the debt, that is, to the principal, and therefore the plaintiff is entitled to only $20.

The judgment of the District Magistrate is reversed and the case is remitted to him for entry of judgment in accordance with the foregoing views.

*J. T. De Bolt* for plaintiff.

*S. F. Chillingworth* for defendant.