# Howells Mining Company *v.* Grey, Chief Mine Inspector.

*Proceedings to Compel Mining Company to Maintain Two Openings in Its Mines.*

(Decided Nov. 24th, 1906. 42 So. Rep. 448.)

1. *Mines and Mineral; Operation; Statutes; Openings.*—One opening into a mine, divided into two parts by a thin wooden partition is not a compliance with the requirements of Section 2921 Code of 1896.

2. *Statutes; Corporation; Adoption from Other States; Omission.*— Where the legislature adopts the statute of another state practically but omits a proviso attached to the statute of the other state, it clearly indicates a legislative intent to exclude the proviso, and the statutes are to be construed in accordance with the legislative intent.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Proceedings by John M. Gray, chief mine inspector, to compel the Howells Mining Company to construct and maintain two openings into its mine. Judgment for plaintiff, defendant appeals. Affirmed.

J. M. McMASTERS, for appellant.—For a proper construction of the statute under consideration the court's attention is called to the following authorities: *Morton v. Mobile,* 43 Ala. 298; *Maxwell v. The State,* 89 Ala. 150; *Hamilton v. Rathbone,* 75 U. S. 421; *Gardner*

*v. Collins,* 2 Pet. 93; 26 A. & E. Ency. of Law, pp. 597-8 and note; *Tynan v. Walker,* 95 Am. Dec. 152; *United States v. Trans. M. F. Asso.,* 166 U. S. 318.

J. F. THOMPSON, for appellee.—No brief came to the reporter.

ANDERSON, J.—Section 2921 of the Code of 1896 is as follows: "Whenever required by the chief mine-inspector it shall be the duty of the owner, operator or manager of all coal-mines to have and maintain at least two available openings to the surface from each seam or stratum of the coal worked in such mine, one of said openings to be known as a manway or escapeway in case of accident. Said manway or escapeway shall be kept in good condition and shall be at all times reasonably safe for entering and leaving the mines ;reasonable time, however, shall be given to the said operator, owner or general manager to prepare the second opening, in no case exceding one year, from the time such order is made, unless, in the opinion of the chief mine-inspector, a longer time is required, in which case they shall allow the additional time necessary and so ordered."

Section 2922 requires no escapeway unless over twenty men are worked in the mine.

The undisputed evidence shows, that over twenty men are employed in the mine in question, and the sole point for our consideration is whether or not the opening or openings, as shown by the appellant, is such a compliance with the statute as would relieve it from making another opening, in response to the demand of the mine-inspector. The proof shows but one ground opening but further discloses that said opening is divided by a thin wooden partition into two separate and distinct compartments, and that there is no escapeway other than through one of these compartments.

The statute is intended for the preservation and protection of human life and should be construed so that the ends for which it was intended may be accomplished.

What is meant by "two available openings" as used by the statute? Does the statute mean that one ground

opening, divided up by a plank partition into two compartments, the mouths of which are separated only by a thin wooden partition is sufficient as "two availble openings," one of which is to be known as a manway or escapeway? We think not. It is the spirit and intent of the statute that there shall be two separate and distinct openings, one of which is to be used as an escapeway and so located as to not be necessarily obstructed or cut off by any fire or other disaster which might befall the hoisting shaft or other opening, *ex vi termini,* two holes in the ground—not one hold divided by a plank partition into two compartments.

Section 2921 is a substantial copy of a part of the Pennsylvania statute.—Brightly's Dig. Vol. 2 (12th Ed.) page 1360.

The Pennsylvania statute, however, has a provision which is left out of our statute and which is as follows: But provided, That in any mine operated by shaft or slope and ventilated by a fan, if the air shaft shall be divided into two compartments, one of them may be used for an airway and the other for the purpose of egress and ingress from and into said mine by the persons therein employed, and the same shall be considered a compliance with the provisions of this section hereinbefore set forth. And there shall be cut out or around the side of every hoisting shaft, or driven through the solid strata at the bottom thereof, a traveling way not less than five feet high and three feet wide, to enable persons to pass the shaft in going from one side of it to the other without passing over or under the cage or other hoisting apparatus."

It will be observed that the lawmakers of Pennsylvania thought that one ground opening converted into two compartments by wooden partition, was not what was contemplated by so much of the statute as was adopted by us, else there was no need for the proviso. The legislature of Alabama by adopting the substance of the Pennsylvania statute with the proviso omitted, clearly demonstrated a legislative intent to require two separate and distinct ground openings when required by the mine-inspector, and not such as the Pennsylvania

proviso permitted and as shown to be used by the appellant in the case at bar.

The case of *Whatley v. Zenida Coal Co.*, 122 Ala. 112, 26 South. 124, is not in conflict with the foregoing views. The court simply said through McClellan, C. J.: "It cannot as matter of law be said to be the duty of the person operating coal mines, to cut a man way, different and separate from the slope through which coal is brought to the surface for ingress and egress of their employes." We reaffirm what was said in the *Whatley Case, supra,* and repeat that, "it cannot be said as a matter of law, that there must be a man way separate and distinct from the slope" unless such an opening be required by the chief mine inspector. The law does not require that at all times and under all conditions, two available openings, but simply authorized the mine inspector to require two available openings in all mines working over twenty men. In the case at bar the mine inspector required two openings and there is nothing to indicate that such was done in the *Whatley Case, supra,* and in the absence of such a requirement, it is not, as matter of law, the duty of a mine owner to maintain a man way, separate and distinct from the opening for the hoisting shaft.

The trial court did not err in giving the general affirmative charge requested by the plaintiff, and the judgment of the court is affirmed.

Affirmed.

WEAKLEY, C. J., TYSON, and SIMPSON, JJ., concur.