THE STATE, DEFENDANT IN ERROR, v. BRUCE E. LOOMIS AND FRANK G. BLINN, PLAINTIFFS IN ERROR.

Submitted December 11, 1916—Decided March 5, 1917.

1. In a prosecution for violation of section 119 of the Crimes act by procuring the "miscarriage of a woman pregnant with child," it is not necessary to show that the woman was quick with child but it is sufficient if it appears that conception had taken place and gestation was in progress.
2. Where in a trial for abortion, in which the state claimed that the *fœtus* had been expelled by the female, the state introduces direct evidence of the sexual intercourse with defendant on more than one occasion, of the subsequent cessation of menses, and of nervous functional disturbances, which, in the opinion of experts denoted probable pregnancy, there was sufficient proof to justify the jury in finding that pregnancy existed.

---

On error to the Supreme Court, whose opinion is reported in 89 *N. J. L.* 8.

For the plaintiffs in error, *Frank M. McDermit.*

For the state, *Jacob L. Newman,* prosecutor of the pleas, and *Andrew Van Blarcom,* assistant prosecutor.

The opinion of the court was delivered by

PARKER, J. But for the claim advanced by counsel that the Supreme Court "did not refer to or dispose of the principal objection raised to the judgment of conviction," it would in all probability be unnecessary to add anything to the opinion of that court.

The point made is this: That whereas plaintiffs in error maintained that under the statute (section 119 of the Crimes act, quoted in *State* v. *Mandeville,* 89 *N. J. L.* 228; 98 *Atl. Rep.* 398) it was incumbent on the state to show in a prosecution for abortion, or attempted abortion, that the female was "then pregnant with child," and that no proof of this condition had been adduced, the Supreme Court disposed of the claim as though counsel had argued that the proof must show that she was *"quick* with child," and by merely citing as authority the earlier case of *State* v. *Murphy,* 27 *N. J. L.* 112, in refutation of such argument.

This misapprehension of the court below, if it was in fact such, may be accounted for by the fact that in the brief, the first point, stated at the outset to be that "the state failed to prove pregnancy" and developed at considerable length, concludes with the proposition that the phrase "pregnant with child" in the statute means "quick with child," and that the burden of so proving did in law rest upon the state. If counsel stands on this latter proposition, the opinion of the Chief Justice in the Supreme Court is adequate; if on the other, then the question is whether there was evidence to justify the jury in finding pregnancy, *i. e.,* the existence of the condition beginning at the moment of conception, and terminating with delivery of the child. 1 *C. J.* 312; *State* v. *Howard,* 32 *Vt.* 380; *State* v. *Murphy, supra; Powe* v. *State,* 48 *N. J. L.* 34, 35.

There was ample proof to go to a jury on this question, and full justification for their finding if they believed the evidence, as they were entitled to do. There was direct evidence of sexual intercourse with defendant Loomis on more than one occasion; of the subsequent cessation of menses;

of nervous and functional disturbances which, in the opinion of medical experts for the state, denoted probable pregnancy.

Absolute demonstration was, of course, impossible, especially as it was claimed that the *fœtus* had been expelled. The point was properly ruled against the defendants.

Several other points, not specifically treated by the Supreme Court, may be noticed here—(1) That there was no proof of an intent that an abortion should take place. Upon the evidence examined by us, this seems frivolous. (2) The statement in the charge that a state expert had testified that certain specified symptoms showed the probable existence of pregnancy. The recital of the evidence was correct. (3) Questioning of a state witness by the prosecutor as to statements made by her to the grand jury inconsistent with her testimony. This was proper under the rule laid down in *State* v. *Bovino,* 89 *N. J. L.* 586. (4) The charge that what had been said to the jury (evidently by counsel in summing up) that the question of "reasonableness of an attempt by a person who gets a woman into trouble to assist her in getting out" should not be given any weight by the jury, &c. The court properly took the view that when the statute denounced a certain course of conduct as criminal, the guilty participation of a defendant in acts which preceded and caused the pregnancy that led to the criminal abortion was irrelevant as a defence. A reading of the charge makes it obvious that these remarks of the court were provoked by the summing up of counsel, and in this aspect they were doubly pertinent.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.