HENRY W. HELBUSH *v.* EDWARD MITCHELL, JR., MRS. E. MITCHELL, JR., DUKE RENTER, HENRY H. WILLIAMS, JOHN B. KAAHUO-NAALII, ANDREW KALINCHAK, FRANCIS C. THOMAS, DOROTHY M. CAREY, JOHN P. ROSA AND SOL K. MALINA, DEFENDANTS, AND E. P. MURRAY, AUDITOR OF THE CITY AND COUNTY OF HONOLULU, GARNISHEE.

No. 2303.

ARGUED SEPTEMBER 7, 1938.          DECIDED OCTOBER 21, 1938.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE STAFFORD IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY PETERS, J.

This is an action upon an installment promissory note. One of the defenses was usury. Trial was had, jury waived. Judgment was for plaintiff and defendants appealed. The only assignment of error meriting consideration is that the note is usurious.

The note in question is dated May 18, 1935; the principal amount is $2350 and is payable in forty equal installments of $58.75 on the 15th and 30th day of each month following the date of the note. The note contains no provisions for interest except interest after maturity and contains the usual acceleration clause. It is undisputed that the sole consideration for the note was a loan of $1880 and that the excess in the principal amount of the note over the amount actually borrowed represents interest. The inclusion of this interest in the principal of the note accounts for the installments being $58.75, $47 of which is attributable to principal and the balance to interest. It is also undisputed that all installments required to be paid to and including October 30, 1935, had been paid with the exception of the installment due October 15 of that year. For failure to pay the installment due October 15, 1935,

the holder of the note invoked the acceleration clause of the note and on November 5, 1935, brought suit for all unpaid installments.

The appellants contend that under the term of the note in question the parties thereto contracted for a greater rate of interest than one per cent per month; that the contract is therefore within the prohibition against usury contained in section 7053, R. L. 1935, and hence the aggregate of the installments paid should be applied upon principal in which event at the time the action was filed all installments of principal due prior to that time will have been fully paid and the action premature. On the other hand the appellee insists that section 7053, *supra,* does not apply to moneylenders; that at the time of the execution of the note moneylenders, under the provisions of section 7064, R. L. 1935, were entitled to deduct interest in advance at the rate of one per cent per month or less and in addition to receive and require uniform weekly or monthly installments; that, under the statutory power to deduct interest in advance, interest computed in advance may be included in an indebtedness; that the powers to deduct interest in advance and to receive and require uniform weekly or monthly installments were cumulative; in short that moneylenders at the time of the execution of the note were authorized, under the provisions of section 7064, *supra,* to "deduct" interest "in advance" up to the maximum rate of one per cent per month upon the entire sum borrowed for the entire period of the loan irrespective of whether the contract required payment of uniform weekly or monthly installments on account of principal.

That portion of section 7064, *supra,* under which the appellee justifies the transaction in controversy is quoted in the margin.[1] It was section 4 of Act 154 of the Session

[1] "Sec. 7064. * * * Every person, co-partnership or corporation licensed under the provisions of this chapter shall have power:

"1. To loan money on personal security, or otherwise, and to deduct

Laws of 1933 entitled "An Act to license and regulate the business of making loans and to provide exemption and punishment for the violation of this Act." The Act was apparently designed to control and regulate the business of moneylending upon personal security or otherwise. It prohibited all persons, natural and artificial, with certain exceptions with which we are not concerned, from engaging in the business of moneylending without a license thereto issued by the treasurer of the Territory of Hawaii; defined the powers and duties of moneylenders; imposed administrative conditions for the protection of the borrower and the information of the government; committed to the territorial bank examiner a supervisory control and made violations or failure to comply with any of the provisions of the Act a misdemeanor punishable by fine or imprisonment or both. It has since been repealed. (L. 1937, Act 231, § 2, ser. D-140.)

It is conceded that the payee of the note in question at the time of its execution was a moneylender duly licensed as such under the provisions of the Act. If the powers conferred upon licensees under the provisions of the Act permitted the imposition of the interest exacted in the instant case, the exception considered must be overruled even though the interest imposed exceeded the maximum lawful interest that might be charged under the provisions of section 7053, *supra*. If, however, the provisions of the moneylenders' Act are not applicable to the facts in the instant case, then the rights of the parties must be determined accordingly as the interest exacted is in excess of or within the maximum lawful rate prescribed by section 7053, *supra*.

How interest was computed in this case is difficult to determine. The sum of $470, the amount of interest charged, is interest at the rate of one per cent per month

interest therefor in advance at the rate of one per centum per month, or less and, in addition, may receive and require uniform weekly or monthly instalments."

for twenty months on $2350, the full amount of the note. But interest could only be legally computed on the amount of the loan. The time intervening between the date of the note and the date of the last installment was one year, seven months and twenty-eight days. Interest at the rate of one per cent per month for that period on $1880, the full amount borrowed, is $374.18. And assuming arguendo appellee's construction of section 7064, *supra,* to be correct, the interest exacted was in excess of the maximum amount permitted to be "deducted in advance" by moneylenders under the provisions of that section.

Statutory licensees possess only such powers as are expressly conferred or necessarily implied. The only powers expressly granted licensees are those enumerated in section 4 of the Act. The power to charge interest is not expressly granted licensees. Nowhere in the moneylenders' Act is any reference made to the subject of interest except in section 2 in respect to applications for licensees and in section 4, as quoted, in connection with the deduction of interest in advance. The power to loan money however necessarily includes the implied power of charging interest therefor. Nor does the Act contain any limitation upon the rate of interest that may be charged except where interest is deducted in advance in which event under the provisions of section 4 interest may be deducted at the rate of one per cent per month or less. Obviously interest was not deducted in advance in the instant case. On the contrary the interest was computed in advance and added to the amount of the loan, the aggregate forming the principal amount of the note. The Act contains no provision limiting the rate of interest that may be imposed except where interest is deducted in advance. It necessarily follows that in the absence of any provision in the moneylenders' Act applicable to the facts of this case limiting the rate of interest that might have been charged by the licensee, the rights of

the parties must be determined by the provisions of section 7053, *supra,* except as the provisions of that section may have been impliedly amended by the power granted moneylenders under section 4 to "receive and require uniform weekly or monthly installments."

We unhesitatingly concede to the legislature the power to permit a rate of interest in excess of the maximum lawful rate where small short-term loans are involved. But not alone does the Act fail to limit the rate of interest that may be imposed but it also fails to limit the amount or duration of loans. Had the legislature by whatever language employed indicated an intention that licensees under the moneylenders' Act might exact interest upon loans at a rate in excess of the maximum rate fixed by section 7053, *supra,* it would be our plain duty to give such intention effect, provided, of course, enforcement of such intention did not violate some substantive rule of law. But in our opinion the language employed in section 4 of the Act does not manifest such intention.

In this jurisdiction it has been repeatedly held that in the computation of contractual interest payments made by the debtor on account of an existing indebtedness, in the absence of language to the contrary, must be applied first to the satisfaction of interest due and if, after the payment of interest there is a surplus remaining, then such surplus should be applied to principal and the interest thereafter be computed upon the remaining balance of principal. (*Nawahi* v. *Trust Co.,* 30 Haw. 359, 31 Haw. 958.)

The rule obviously would be the same where the requirement of uniform periodic installments was the result of contract. And the general rule is that where a contract requires the payment of an indebtedness with interest in equal periodic installments each installment, in the absence of language to the contrary, is applicable, first to the satisfaction of all interest due and if a surplus exists after such

application such surplus is then applicable to principal and the interest for the succeeding period is computable upon the balance of principal remaining after the application of the preceding installment. (*Galveston & H. Inv. Co.* v. *Grymes,* 50 S. W. [Tex. Civ. App.] 467, 468, 469.)

The moneylenders' Act is silent upon the method of computation of interest. In the absence of language to the contrary it must be assumed that the legislature intended that in the computation of interest the usual and ordinarily accepted methods of computation would be applied consistently with the general rule that interest may only be computed "upon the actual amount due for the actual period during which interest should run." 33 C. J., T. Interest, § 165, p. 249.

Interest at the rate of one per cent per month upon the actual amount borrowed would be legally computed as follows: On May 30, 1935, the due date of the first installment, there would be due the lender on account of principal the sum of $47, the one-fortieth part of the principal borrowed plus the sum of $7.2774+, being interest at the rate of one per cent per month from the date of the note to the date of the first installment; on June 15, 1935, there would again be due on account of principal the sum of $47, the one-fortieth part of the principal borrowed, plus the sum of $9.4606+, being interest at one per cent per month upon the remaining balance of principal from the due date of the first installment to the due date of the second installment. But, whereas upon the due date of the first installment interest was computed upon the sum of $1880, the full amount borrowed, interest in this instance is computed on the sum of $1833, the remaining balance of principal to which amount the same had been reduced by the payment of the first installment; on June 30, 1935, the due date of the third installment, there would again be due on account of principal the sum of $47, the one-fortieth

part of the original amount borrowed, plus the sum of $8.93+, being interest at the rate of one per cent per month on the sum of $1786, the remaining balance of principal to which amount the same had been reduced by the payment of the first and second installments and so on to the last and concluding installment of $47 plus the sum of 24¢+, being interest at the rate of one per cent per month on the sum of $47, the remaining balance of principal to which amount the same shall have been reduced by the payment of the preceding thirty-nine installments.

Powers conferred upon licensees either expressly or by implication and the methods of their exercise should not be confused. The phrase "in addition" preceding the last power of the powers expressly enumerated in section 4 of the Act has in our opinion no broader significance than the mere conjunction "and." To construe the phrase otherwise would be to disregard its ordinarily accepted meaning and attribute to its use the implication that the power might only be exercised in the event of the deduction of interest in advance. Nor from the existence of the plurality of powers whether express or implied does it necessarily follow that the donee thereof may exercise the same indiscriminately without regard to the legal effect that the exercise of one power may have upon the exercise of another power. The presence of the additional power of receiving and requiring uniform installments is certainly not sufficient in itself to justify the conclusion that the legislature intended that both the implied power to charge interest and the express power to receive and require uniform weekly or monthly installments might be exercised jointly irrespective of the legal effect of the exercise of the latter upon the former. It is more reasonable to assume that the legislature intended that all powers whether express or implied should be exercised consistently and with due regard to their legal effect.

Research discloses that section 4 of the moneylenders' Act was adopted from section 1 of chapter 479 of the Laws of 1921 of the State of California entitled "An act to amend section four of an act entitled 'An act defining industrial loan companies, providing for their incorporation, powers and supervision,' approved May 18, 1917," quoted in the margin.[2] Appellee in his supplementary brief calls to our attention article 1313 3/4 c, page 265 of the Complete Texas Statutes (1920), which also contains similar language as that adopted in paragraph 1 of section 4 of the moneylenders' Act. Both the California and Texas statutes were in existence in 1933 and hence either may have been resorted to by the draftsman of Act 154. It is immaterial which. The language adopted by paragraph 1 of section 4 of Act 154 is the same in both the California and Texas statutes and the remainder of the sections of both statutes from which the adopted language was taken is substantially the same. The other sections of the local Act were apparently taken from the Uniform Small Loan Act advocated by the Russell Sage Foundation. But whereas the California statute and the Texas statute expressly provide

---

[2] "Sec. 4. Every corporation under the provision of this act shall have power:

"*First*—To loan money on personal security, or otherwise, and to deduct interest therefor in advance at the rate of six per cent per annum, or less, and, in addition, to receive and to require uniform weekly or monthly installments on its certificates of investment, purchased by the borrower simultaneously with the said loan transaction or otherwise, and pledged with the corporation as security for the said loan, with or without an allowance of interest on such installments.

"*Second*—To sell or negotiate choses in action for the payment of money at any time, either fixed or uncertain, and to receive payments therefor in installments or otherwise, with or without an allowance of interest upon such installments. Nothing herein contained shall be construed to authorize corporations hereunder to receive deposits or to issue certificates of deposit. The issuance of choses in action herein authorized shall be approved as to form by the commissioner of corporations and shall bear the endorsement on the face of the instrument 'This is not a certificate of deposit.' "

648

that the required installments may be "with or without an allowance of interest on such installments" the local Act is silent on the subject. In the absence of this qualifying clause it is reasonable to conclude that the legislature intended that differently from the California Act or from the Texas Act the ordinary rules governing the computation of interest in the case of installment contracts obtaining locally should apply. It is a generally accepted rule of statutory construction that where the legislative body adopts a law of another State all changes in words and phraseology will be presumed to have been made deliberately and with a purpose to limit, qualify or enlarge the adopted law to the extent that the changes in words and phrases imply. (2 Lewis' Sutherland Stat. Const. [2d ed.], § 404; *Howells Mining Company* v. *Grey, Chief Mine Inspector*, 148 Ala. 535, 42 So. 448; *Kirman* v. *Powning*, 25 Nev. 378, 60 Pac. 834, 61 Pac. 1090; *Stutsman County* v. *Wallace*, 142 U. S. 293; *Whittlesey* v. *Seattle*, 94 Wash. 645, 163 Pac. 193; Lawyers' Rep. Ann. [1917D] 1084, 1085; *In re Eaton's Estate*, 170 Wash. 280, 16 Pac. [2d] 433, 434.) Moreover where portions of the statute adopted are omitted the difference in phraseology between the statute adopted and the local statute as ultimately enacted, may have special interpretative significance. (*United States F. & G. Co.* v. *New York Rys. Co.*, 156 N. Y. S. 615, 619; *Hale* v. *Tyson*, 202 Ala. 107, 79 So. 499, 504; *State* v. *Mandeville*, 88 N. J. L. 418, 98 Atl. 398, 399; *Chicago Corp.* v. *Munds*, 20 Del. Ch. 142, 172 Atl. 452.) Where, as here, the legislative body adopts isolated portions of the statute of another State to the exclusion of other provisions upon the same subject matter, included in the same section from which the language adopted was taken, the statute as ultimately enacted must be given effect accordingly as such exclusions were intended to limit, qualify or enlarge the portions adopted. By the exclusion of the provisions of the

statute adopted containing the words "with or without an allowance of interest on such installments" and their omission from the provisions of paragraph 1 of section 7064, *supra,* there was clearly manifested the legislative intention that the power to "receive and require uniform weekly or monthly installments" be qualified by the existing law of Hawaii applicable to installment payments on account of principal.

In the absence of legal justification of the interest deducted charged in the instant case under any provision of law applicable to moneylenders, the transaction must be judged by the law obtaining at the time of the execution of the note in respect to interest generally. Section 7053, *supra,* provided that "if a greater rate of interest than one per centum per month shall be contracted for, the contract shall not, by reason thereof, be void. But if in any action on such contract proof be made that a greater rate of interest than one per centum per month has been directly or indirectly contracted for, the plaintiff shall only recover the principal and the defendant shall recover costs." Obviously all that has been said as to the method of computation of interest under section 7064, *supra,* in the case of installment contracts applies with equal force to the computation of interest under the provisions of section 7053, *supra.* So computed, at the maximum lawful rate, the aggregate interest to which the lender was legally entitled by law was $189.39. The interest charged exceeded that amount by $280.61.

Where, as here, the principal amount of an installment note includes both the amount of the loan for which the note is given as security and interest thereon and the total amount to be paid under its terms by the makers in the event of performance is in excess of the principal received plus interest at the maximum lawful rate for the term thereof, such note is, under the provisions of section 7053,

*supra,* infected with usury. (*Union Savings Bank* v. *Dottenheim,* 107 Ga. 606, 615, 34 S. E. 217; *Alston* v. *Greene,* 43 S. W. [2d] [Tex. Civ. App.] 478.)

It necessarily follows that the note in question, so far as it relates to any interest either in the principal amount thereof or in the amount of installments required, is unenforceable under the provisions of section 7053, *supra.* Moreover the principal and interest involved in the principal amount of the note and in the respective installments being separable, all payments made on account of the note should be applied on account of principal. (*Schnack* v. *Hare,* 11 Haw. 747.) When so applied, on November 5, 1935, and at the time the within action was instituted, there were no installments of principal due, the acceleration of the due dates of the respective unpaid installments payable thereafter was unlawful and the action premature.

Consistent with the foregoing opinion, appellants' exception to the decision of the trial judge upon the ground that the same was contrary to law is sustained. Otherwise the record is free from error. The cause is accordingly remanded with instruction to dismiss the complaint.

*P. Silver* (Cass & Silver on the briefs) for appellants.

*D. Ridley* (S. C. McIntire and Smith, Wild, Beebe & Cades on the brief) for appellee.