HILO FINANCE & THRIFT CO., LTD.
*v.* GEORGE B. CAREY.

NO. 2579.

ARGUED MARCH 24, 1947. DECIDED APRIL 11, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

Upon eight separate promissory notes, the plaintiff, as payee, after default of certain installments on and maturity of each note, brought in one suit an action against the defendant, as payer, to recover the aggregate amount on principal remaining unpaid. The terms of each note stipulate not only that the principal be paid in fifteen equal monthly installments, but that default of any installment renders the unpaid balance of principal due and payable. To this claim the defendant interposed the defense of usury and prayed for costs. He also filed a coun-

terclaim for the total of the amounts of interest paid throughout the relationship of lender and borrower in excess of the total of the amounts of principal borrowed on the eight notes, the interest having been deducted in advance with respect not only to these present and partially satisfied notes but to thirty-eight prior and fully satisfied ones. The grounds of the counterclaim are that such interest on all forty-six notes is usurious and that they were executed on an open account pursuant to a corrupt agreement between the parties to circumvent the law pertaining to civil and criminal usury. Issue was joined and the causes were tried below jury waived. The trial judge by written decision allowed plaintiff's claim and disallowed defendant's counterclaim. Judgment was entered accordingly in favor of the plaintiff for the unpaid principal together with costs and interest at six per cent on each installment from time of default.

The defendant excepted to the decision and judgment upon the ground that they are "contrary to the evidence and the law," citing twelve particulars thereof and reasons therefor. No useful purpose would be served here to set them forth. Suffice it to say that they are premised upon the assumption that the relationship of lender and borrower existing between the parties was a corrupt one at its inception and that usury tainted the loans made. In the absence of any dispute relative to the aggregate amount claimed to be unpaid on principal, the paramount question presented and upon which the efficacy of the appeal depends is not only whether the real intent of the parties was to evade the civil and criminal statutes on usury, but whether in making loans the parties actually violated any of such statutes, usury being purely a matter of statute in this jurisdiction.

Throughout the period covered by the claim and coun-

terclaim, the plaintiff was a corporation engaged in the business of lending money and the defendant an individual engaged in selling sewing machines, the business of which necessitated the borrowing of money. In 1934, preliminary to entry into the relationship, the parties had an oral understanding that the defendant upon estimate of his business needs for money would, from time to time, apply for a loan when he had sufficient sale contracts of his customers to offer as collateral security; that the plaintiff, if it accepted the application, would make the loan deducting interest in advance; that execution of contract would be upon plaintiff's printed form of installment promissory note; that plaintiff to accommodate defendant would extend the ordinary period of one year to that of fifteen months and agree to make substantial rebates of interest for prompt payment of the monthly principal installments. This understanding did not look forward to a single loan to be repaid by serial notes, nor did it regard prospective loans as one transaction or as a running or open account, but rather as distinct undertakings and different contracts to be settled and closed separately, each being one into which both parties would be free to enter. Hence it was not in the nature of a binding obligation, but merely served to make clear the plaintiff's usual business practice and clarify the conditions and terms upon which loans would be made severally on respective applications as accepted. At the time of understanding and during the period in which the first thirty-eight notes, as distinguished from the last eight of the forty-six, were executed, the plaintiff was a "money lender" within the meaning of and duly licensed under Act 154 of Session Laws of Hawaii 1933. (C. 233, §§ 7060-7068 R. L. H. 1935, repealed by § 2 of Act 231 S. L. H. 1937 which amended title XXIV of the Revised Laws of Hawaii 1935 by adding a new chapter thereto, *i. e.*, c. 223-A, as well as

forty-two new sections, the new chapter being amended by
Act 75 S. L. H. 1939, now c. 170, §§ 8801-8827 R. L. H.
1945.) Section 4 (a) of Act 154, *supra* (§ 7064 [1] R. L.
H. 1935), expressly empowered such money lender "To
loan money on personal security, or otherwise, and to de-
duct interest therefor in advance at the rate of one per
cent per month, or less and, in addition, may receive and
require uniform * * * monthly installments." This plain
and unambiguous grant of power speaks for itself and
needs no judicial construction. The undisputed evidence
shows that the oral understanding was in accordance with
future exercise of that existing statutory power and con-
stituted one ordinarily expected of prudent business men
about to deal reciprocally. There is not a scintilla of evi-
dence in the record tending to prove that the parties in
contemplating loans intended to evade any provision of
the Act or any statute on usury. Consequently those par-
ticulars and reasons, alleged in support of the exceptions
and assigning a corrupt agreement to commit usury, are
untenable and without merit.

The next question is whether as a matter of law and
fact any of the forty-six notes involved or combination
thereof is usurious or violative of the statutes pertaining
to usury. To determine this question it is first necessary
to ascertain whether at the particular times of execution
beginning with that of April 10, 1934, the date of the first
note, and ending with that of March 8, 1938, the date of
the last and forty-sixth (the others having been executed
between those dates at approximately one month inter-
vals), the plaintiff had statutory power and authority to
deduct interest in advance and require monthly install-
ments of principal. As already indicated, when the first
and fully satisfied thirty-eight notes were executed the
plaintiff had such power and authority under section 4
(a) of Act 154 of Session Laws of Hawaii 1933. There-

after and before the last and partially satisfied eight notes were executed, this enactment was repealed by section 2 of Act 231 of Session Laws of Hawaii 1937, effective July 1, 1937. However, section 1 of Act 231, *supra,* adds *inter alia* a new section to title XXIV of the Revised Laws of Hawaii 1935. This new section is numbered 6782-N and grants to duly licensed industrial loan and investment companies the identical power which section 4 (a) of Act 154, *supra,* granted to duly licensed money lenders. Thus in effect the addition of section 6782-N in conjunction with the passage of section 2 of Act 231, *supra,* operates to transfer that power from pre-existing licensed lenders to existing ones but does not change it. Nor was the transferred power subsequently altered by the amendatory enactment of Act 75 of Session Laws of Hawaii 1939 (see § 6782-L, 2 [a]) in so far as it applied to the particular period and type of contracts represented by the last eight promissory notes of fifteen equal principal installments upon which notes the plaintiff brought suit after the effective date of such amending Act of 1939. Section 6782-N in granting this power speaks for itself with a force equal to the prior grant thereof by section 4 (a), *supra,* and likewise requires no judicial construction. In plain and unambiguous language it reads: "Interest on loans made by any industrial loan and investment company, subject to this chapter, may be deducted in advance at the rate of but not exceeding one per centum (1%) per month, and in addition, the company may require and receive * * * monthly or other periodical installments * * * ." Before August 31, 1937, the date of the first of the partially satisfied and successively dated eight notes, and at all times thereafter the plaintiff had and was qualified as a duly licensed "industrial loan and investment company" and operated its business under Act 231, *supra.* Consequently at the particular times of execution relative to all the

notes, the plaintiff had full statutory power and continuing authority to deduct interest on each loan in advance and at the same time require monthly installments of principal.

That this power and authority were properly exercised in making loans is demonstrated by the face of the notes and the undisputed evidence, the parties having stipulated to the following facts: that interest for each loan was deducted in advance and in addition the principal amount of each loan was required to be paid in fifteen equal monthly installments, the balance of loan after deduction of interest being either paid to the defendant or, as done in most instances, applied at his request to installment payments due on pre-existing notes; that the money loaned upon execution of each note was either in the principal amount of $2330.00 or $1165.00, the deducted interest on these amounts being in the sum of $330.00 and $165.00, respectively. From such it is evident that the loans complied with the provisions of section 4 (a) of Act 154, *supra*, and those of the new section 6782-N added by Act 231, *supra*, as well as with those of section 6782-L, 2 (a), of the amendatory Act 75 of Session Laws of Hawaii 1939, provided that the deductions of interest did not exceed the limit fixed thereby, which is constant.

Corroborative of the undisputed evidence to the same effect, it is a mathematical certainty that interest at the rate of one per cent a month for fifteen months (the period of each note) on principal amounts of $2330.00 and $1165.00 would be $349.50 and $174.75, respectively. The interest on such loans, which in this case was actually deducted in advance in the respective amounts of $330.00 and $165.00, is therefore not usurious, it not being at a rate greater than one per cent per month, but rather at a lesser one. Nor do the number of separate and distinct notes executed, and the application at the defendant's re-

quest of part or most of the money loaned on subsequent notes to installments due upon antecedent notes, taint the aggregate or render any usurious, usury not depending upon the mere plurality of successive loans to a borrower or the use to which he puts his borrowings. Hence as a matter of law and fact none of the notes or combination thereof is infected with usury, nor is any violative of either the criminal or civil statutes on usury. Consequently the remaining particulars and reasons supporting the exceptions and assigning usury are untenable and without merit.

No usury having been proved, neither section 7053 of Revised Laws of Hawaii 1935 providing remedies to a borrower upon proof of usury in an action by the lender to recover on a usurious contract, nor respective statutes making the receipt of usury a crime, have any application. A *fortiori* sections 6782-W (2) and 6782-X (2), (3) and (4) of Act 75 of Session Laws of Hawaii 1939 are likewise inapplicable and hence the constitutionality thereof need not be considered. Such inapplicability is evidenced by subsection (2) of section 6782-W in relating to proof that a greater rate of interest was contracted for than permitted by the Act, which in this case would be the same as authorized by Acts 154 and 231, both *supra*; by subsections (2) and (3) of section 6782-X in making unavailable "the defense of usury provided by chapter 232 and particularly section 7053 of the Revised Laws of Hawaii 1935" to a borrower in an action on a note by a lender duly licensed under either Act 154 or Act 231, both *supra*, and by subsection (4) thereof in providing "that no action to recover any interest * * * alleged to have been paid * * * by any obligor under any note or other contract made on or after the effective date of Act 154 of the Session Laws of Hawaii 1933, and before the effective date of this Act, in excess of the interest * * * legally chargeable or collectible under the law then in effect and applicable to the

lender, shall lie or be instituted * * * against any person, firm, association or corporation which was duly licensed under either said Act 154, or Act 231, Series D-140 of Session Laws of Hawaii 1937, at the time such note or contract was made."

In the absence of usury, neither the case of *Helbush* v. *Mitchell*, 34 Haw. 639, nor that of *Carey* v. *Discount Corporation*, 36 Haw. 107, has any application. This is apparent from the authoritative holding of each. In the former it is to the effect that usury existed upon a finding by the court that the lender as a matter of fact did not deduct interest in advance, but on the contrary required the indebtedness with interest to be paid in equal periodic installments, such facts showing that he did not do that which section 4 (a) of Act 154, *supra*, authorized, which obviously rendered inapplicable its provisions governing computation of interest in advance on principal payable by installments. The holding in the latter is to the effect that usury voluntarily paid cannot be recovered, the question having been presented by exceptions to the sustaining below of demurrers to complaints which alleged payments of usurious interest.

For the reasons assigned herein the decision allowing plaintiff's claim and disallowing defendant's counterclaim and the judgment in favor of plaintiff are not contrary to either the law or the evidence.

Exceptions overruled.

*J. R. Cades (Smith, Wild, Beebe & Cades* and *Carlsmith & Carlsmith* on the brief) for plaintiff.

*P. Cass (Cass & Silver* on the briefs) for defendant.

### CONCURRING OPINION OF PETERS, J.

I concur in the result. I am in complete accord with the conclusion that the debtor-creditor relation existing between the parties to which the notes in question were

the incidents was not corrupt or tainted with usury.   But, in my opinion, the provisions of the 1933 and 1937 Acts in respect to the power to deduct interest in advance at the rate of one per cent per month, or less, and in addition to receive and require uniform weekly or monthly install-ments are not so clear and unambiguous as to justify jetsaming the immunizing provisions of the 1939 Act.

It is true that the *Helbush* case does not apply.   We-there expressly held that interest upon the promissory note involved had not been deducted in advance and in the ab-sence of provisions in the 1933 Act fixing the legal rate of interest chargeable and the method of its computation the provisions of Revised Laws of Hawaii 1935, section 7053, applied to the former and the principles enunciated in the *Nawahi* case to the latter.

The mere admission of the parties in this case, how-ever, that interest was physically deducted in advance at the respective times of the execution of the notes in ques-tion is not sufficient to remove the doubt that arises in my mind of the efficacy of the language employed in both the 1933 and 1937 Acts in connection with the deductions of interest in advance to admit of the unqualified conclusion that the interest to be deducted is interest at the rate of one per cent per month for the duration of the loan with-out credit for periodic installments paid by the obligor on account of principal.   And it is unnecessary to decide that question for the reason that the immunizing provisions of the 1939 Act, under the facts of this case, deprive the de-fendant of the defense of usury and foreclose him from the recovery of the alleged usurious payments made by him on account of the notes subject to the counterclaim. I am content to rely for the determination of the issue in the instant case upon the provisions of the 1939 Act with-out speculating upon the legislative intention evinced by the language of the 1933 and 1937 Acts allowing deduct-ions of interest in advance.