GEORGE B. CAREY *v.*
HILO FINANCE & THRIFT CO., LTD.

No. 2798.

Submitted January 15, 1952.    Decided January 24, 1952.

Le Baron, J., Circuit Judge Buck In Place of Towse,
C. J., and Circuit Judge Brown In Place of
Stainback, J., Disqualified.

OPINION OF THE COURT BY LE BARON, J.

This is a bill in equity for an injunction to restrain pro-
ceedings in respondent's pending action at law to recover
from petitioner the aggregate amount of principal remain-
ing unpaid on three promissory notes and for a transfer
of that action to equity. The bill is brought by the peti-
tioner as defendant and payor against the respondent as

plaintiff and payee. It alleges that such notes are the last of a series of forty-nine notes. The matters alleged by the bill as grounds for equitable relief are in substance that the entire series of notes are tainted with usury under an "usurious scheme" of extortion criminally perpetrated upon the petitioner by the respondent; that a complicated and intricate accounting between the parties is necessary to determine the amount of usury paid to respondent by petitioner, which accounting is not cognizable at law; that the parties entered into a compromise agreement or novation which as a defense of executory accord "may be bad at law and good in Equity." On the filing of the bill, an order to show cause issued *ex parte* against the respondent. The respondent filed a return, demurrer and motion to expunge, incorporating by reference and making a part of the record the transcript of evidence, exhibits, briefs and all other papers in a former action at law between the same parties. (*Hilo Finance & Thrift Co.* v. *Carey*, 37 Haw. 503; *Carey* v. *Hilo Finance & Thrift Co.*, 170 F. [2d] 236.) The return made it appear that "all of the contracts, dealings and transactions alleged * * * in the bill in equity are the same" as those in the former action and "were * * * adjudicated" therein "save and except only the three promissory notes" which are the subjects of the pending action but admittedly are parts of the same series and clothed with the same character as those dealt with in the former action; that "no facts, grounds, reason or evidence which could be adduced under the Petition herein are outside the scope of the issues decided" in the former action; that the judgment in the former action is "in all respects in full force and effect and is a bar to the petitioner's present Petition and that petitioner is estopped * * * to maintain his present bill in equity." The grounds of demurrer are *inter alia* that the "Petition fails to allege sufficient facts to constitute a cause of action against the respondent or to entitle

the petitioner to the relief prayed for or for any relief * * *; That it affirmatively appears that if the petitioner is entitled to any relief he has an adequate remedy at law." On evidence adduced at the hearing of the order to show cause, the circuit judge at chambers entered a decree finding (1) "that the facts alleged in the Return * * * have been proven; (2) that the Petition herein should be dismissed on the ground that it is barred by the judgment * * * [in the former action] and that the matters contained in said Petition are *res judicata*; (3) that the Demurrer should be sustained for the reason that the Petition fails to state a cause of action; (4) that the Motion to Expunge should be granted;" and (5) that on motion of respondent [as well as on evidence in support thereof] "the petitioner should pay to the respondent attorneys' fees assessed in the amount of $750.00, being the damage incurred by the respondent in obtaining a dissolution of said injunction." Accordingly, the decree dismissed the petition, expunged certain allegations from it and awarded damages in the sum of $750. From that decree, the petitioner appeals.

Five specifications of error are alleged against the decree challenging its decretal findings and orders. For the purposes of this opinion only one question as presented on appeal merits consideration. It is whether the matters alleged in the bill as grounds for equitable relief constitute a cause of action in equity irrespective of the application or inapplication of the doctrine of *res judicata*.

The matters alleged in the bill as grounds for equitable relief are matters for which the petitioner has had a plain, adequate and complete legal remedy in the former action at law and has one in the pending action at law unless that remedy be barred under the doctrine of *res judicata* or that of estoppel by judgment. This remedy, so qualified, would be determinable in the pending action at law upon issues of usury and compromise agreement, if raised by way of

defense, and upon issues pertaining to recovery of usurious interest paid on the whole series of notes, if raised by way of counterclaim. Without qualification, it has been sought and determined in the former action at law between the same parties. Therein substantially the same matters as those in the bill, if not the same ones, were properly adjudicated by a court of competent jurisdiction upon identical issues raised by way of defense and counterclaim. Nor is a different remedy now sought to be determined in equity by reason of those matters. Allegations in the bill which purport to clothe such matters as the subjects of remedy with an equitable nature not cognizable at law are not founded upon fact as proved to be the case by the undisputed evidence adduced at the hearing on the order to show cause. On that evidence, the only proper course open to the circuit judge at chambers was the one he took by dismissing the bill. The question as presented is answered in the negative, which answer is decisive of the appeal.

Decree affirmed.

*B. Houston* for appellant.

*Smith, Wild, Beebe & Oades* and *H. S. Wright* for appellee.